# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:16-cv-52-JRG-RSP |
| | § | Case No. 2:16-cv-55-JRG-RSP |
| T-MOBILE US, INC. & T-MOBILE USA, INC., | § | Case No. 2:16-cv-56-JRG-RSP |
| | § | Case No. 2:16-cv-57-JRG-RSP |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Huawei Technologies Co. Ltd.'s ("Huawei Tech") Motions for Clarification of the Court's Order issued on June 14, 2016. (Dkt. No. 35 (2:16-cv-52); Dkt. No. 36 (2:16-cv-55); Dkt. No. 37 (2:16-cv-56); Dkt. No. 36 (2:16-cv-57).) The Court finds that the relief requested in Huawei Tech's Motions for Clarification is **DENIED**. (*See* Dkt. No. 35 at 10 ("Huawei Tech moves the Court to limit intervention only to NSN US and not include NSN Oy.").)

As a result, the Court finds that Nokia Solutions and Networks US LLC ("NSN US") may intervene in the cases above because intervention by NSN US is not opposed. The Court further finds that Nokia Solutions and Networks Oy ("NSN Oy") may join in the cases above because NSN Oy is a necessary party for the Court to accord complete relief amongst the existing parties.[1] *See* Fed. R. Civ. P. 19; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) ("[T]his court continues to adhere to the principle set forth in *Independent Wireless* that a patentee should be joined, either voluntarily or involuntarily, in any infringement suit brought by an exclusive licensee.").

---

[1] (*But see* Dkt. No. 43-2 at ¶ 1 Ex.A (2:16-cv-52); Dkt. No. 33-1 ¶ 71 (2:16-cv-55).)

The Court, however, in all of the cases above, severs the counterclaims against Huawei Tech to reduce the complexity of the cases. *See* Fed. R. Civ. P. 21. NSN US and NSN Oy contend for three reasons that the counterclaims should not be severed. First, they assert that if the counterclaims are severed "it would require eight jury trials to resolve a single controversy between these two parties over essential patents." (Dkt. No. 32 at 15.) Second, they assert that the Huawei Tech patents and counterclaim patents cover similar technology because both "relate to the 3GPP LTE standards." (Dkt. No. 32 at 15.) Finally, they assert that the Huawei Tech patents and counterclaim patents share the common issue of being FRAND-encumbered. (Dkt. No. 42 at 9.)

The Court finds that the counterclaims should be severed despite these reasons. The first two reasons are related. NSN Oy and NSN US contend that holding eight trials is an inefficient use of judicial resources because the NSN Oy patents share similar technology with the Huawei Tech patents. Due to this similarity, NSN Oy and NSN US imply, it would be more efficient to try the claims and counterclaims at the same time.

The Court finds that the patents do not share similar technology. For example, NSN Oy and NSN US have asserted U.S. Patent No. 9,185,688 which generally covers the allocation of downlink and uplink resources when there is communication between a base station and mobile device. (*See* '688 patent, col. 15 ll. 34–37 ("for a case where there is also a scheduling request to be sent, combining the acknowledgement with the scheduling request on a scheduling resource").) In contrast, Huawei Tech has asserted U.S. Patent No. 8,798,575 in the same case. That patent "relates to charging techniques, and particularly to a method for improving service data flow based charging . . . ." ('575 patent, col. 1 ll. 14–16.) A plainer English restatement of the patents shows they are highly unrelated. The '688 patent covers the allocation of resources

whereas the '575 patent covers billing a customer for using data. Trying these technologically disparate patents in one case creates no efficiency gains. A fact-finder's understanding of one patent will not inform her understanding of the other patent.

Finally, the Court notes that the existence of FRAND encumbrances for all of the Huawei Tech and NSN Oy patents is not grounds for trying the claims and counterclaims together. Damages assessments in FRAND cases raise highly patent-specific issues because in FRAND cases the focus is on apportioning-out the value of the patent from the standard. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1233 (Fed. Cir. 2014) ("We [] hold that the royalty for SEPs should reflect the approximate value of that technological contribution, not the value of its widespread adoption due to standardization.").

Indeed, in many ways, FRAND cases actually de-emphasize the importance of shared facts such as facts about the parties. For example, the Federal Circuit has held that in FRAND cases, *Georgia-Pacific* factor 4 is not relevant. Factor 4 addresses a "licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention." But, as the Federal Circuit has noted, this is irrelevant in FRAND cases because "patent monopolies" are not allowed under FRAND. *See Ericsson*, 773 F.3d at 1230. Thus, at least one shared fact is unimportant in FRAND cases and a fact-finder will not benefit from general testimony about a party's patent licensing policy. *See also Ericsson*, 773 F.3d at 1230–31 ("[F]actor 5—'[t]he commercial relationship between the licensor and licensee'—is irrelevant because Ericsson must offer licenses at a non-discriminatory rate.").

## CONCLUSION

The Court finds as follows:

- NSN US may intervene and NSN Oy may join in Case Nos. 2:16-cv-52; 2:16-cv-55; 2:16-cv-56; and 2:16-cv-57.

- The counterclaims by NSN Oy and NSN US against Huawei Tech in Case Nos. 2:16-cv-52; 2:16-cv-55; 2:16-cv-56; and 2:16-cv-57 are **SEVERED**. The Clerk should open four new cases for the severed counterclaims and the new cases should correspond to the counterclaims at Dkt. No. 32-1 (2:16-cv-52); Dkt. No. 33-1 (2:16-cv-55); Dkt. No. 34-1 (2:16-cv-56); and Dkt. No. 33-1 (2:16-cv-57).

- NSN US and NSN Oy may file complaints in the new cases naming Huawei Device USA, Inc. as a defendant.

- NSN Oy and NSN US's Motions for Leave to File Sur-Reply are **GRANTED**. (Dkt. No. 48 (2:16-cv-52); Dkt. No. 49 (2:16-cv-55); Dkt. No. 51 (2:16-cv-56); and Dkt. No. 49 (2:16-cv-57).)

- Huawei Tech's Motions for Clarification are **DENIED**. (Dkt. No. 35 (2:16-cv-52); Dkt. No. 36 (2:16-cv-55); Dkt. No. 37 (2:16-cv-56); Dkt. No. 36 (2:16-cv-57).)

- NSN US, NSN Oy, and Huawei Tech are **ORDERED** to meet and confer before **July 13, 2016** and propose a date for a scheduling conference as soon as practicable. *See* Fed. R. Civ. P. 16, 26.

**SIGNED this 10th day of July, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE