**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **NOKIA SOLUTIONS AND NETWORKS US LLC AND NOKIA SOLUTIONS AND NETWORKS OY,**<br><br>***Plaintiffs*,**<br>**v.**<br><br>**HUAWEI TECHNOLOGIES CO. LTD. AND HUAWEI DEVICE USA, INC.,**<br><br>***Defendants*.** | **No. 2:16-cv-00755-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**HUAWEI TECHNOLOGIES CO. LTD.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO NSN'S COMPLAINT**

Defendant Huawei Technologies Co. Ltd. ("Huawei Technologies") files this Answer and Affirmative Defenses to Plaintiffs Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy's Complaint (Dkt. No. 3) (Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy collectively referred to as "NSN"). Except as expressly admitted below, Huawei Technologies denies each and every allegation set forth in the Complaint. And, to the extent that an allegation states a legal conclusion, Huawei Technologies asserts no response is required. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Huawei Technologies responds to the numbered paragraphs of the Complaint as follows:

## COMPLAINT[1]

1. Huawei Technologies denies the allegations of Paragraph 1 of the Complaint and denies that NSN is entitled to any requested relief. For example, Huawei Technologies denies that NSN's alleged inventions are valid or enforceable, and denies that Huawei Technologies infringes any valid, enforceable claim under any asserted theory.

## NATURE OF THE ACTION

2. Huawei Technologies admits that NSN's Complaint purports to set forth a claim for patent infringement, but denies that NSN's Complaint sets forth a legally cognizable claim. Huawei Technologies further denies NSN's alleged claim has merit and denies that Huawei Technologies has directly infringed (whether literally or under the doctrine of equivalents), has

---

[1] For ease of reference, Huawei Technologies repeats the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer; however, by doing so, Huawei Technologies makes no admissions regarding the substance of the heading or any other allegations of the Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Huawei Technologies specifically denies all such allegations.

induced or contributed to infringement of, directly infringes (whether literally or under the doctrine of equivalents), or induces or contributes to infringement of any valid, enforceable claim.

## THE PARTIES

3. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

5. Huawei Technologies admits the allegations of Paragraph 5 of the Complaint.

6. Huawei Technologies admits that Huawei Device USA is a corporation organized under the laws of Texas, and notes that Huawei Device USA has a principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

## JURISDICTION AND VENUE

7. Huawei Technologies admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. Huawei Technologies admits Huawei Device USA has transacted business in this district, but denies that venue is convenient in this District as to Huawei Technologies for this action. To the extent a response is necessary, Huawei Technologies denies the remaining allegations and characterizations of Paragraph 8 of the Complaint.

9. Huawei Technologies denies that this Court has personal jurisdiction over Huawei Technologies for this action. Huawei Technologies further denies that it sells any accused

products in this District or that it infringes, directly or indirectly, any asserted claim under any asserted theory. To the extent a response is necessary, Huawei Technologies denies the remaining allegations and characterizations of Paragraph 9 of the Complaint.

## [ALLEGED] FACTUAL BACKGROUND

10. The allegations of Paragraph 10 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 10 of the Complaint.

11. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies them.

12. Upon information and belief, Huawei Technologies denies that Nokia Siemens Network's Flexi Base Stations were in use in commercial LTE networks in 2008. The remaining allegations of Paragraph 12 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 12 of the Complaint.

13. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint, and therefore denies them.

14. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies them.

**[ALLEGED] TECHNOLOGICAL BACKGROUND**

16. Huawei Technologies denies NSN's Patents-In-Suit are a reflection of the breadth of NSN's extensive dedication and investment in the technology and development of standardized communication protocols.

17. Huawei Technologies admits that standardized communication protocols, including those developed by Defendants, have been and continue to be important to the cellular industry. The remaining allegations of Paragraph 17 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 17 of the Complaint.

18. Huawei Technologies admits that Long Term Evolution ("LTE") and LTE-Advanced ("LTE-A") were developed by the Third Generation Partnership Project ("3GPP") and its members, including Huawei Technologies. The remaining allegations of Paragraph 18 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 18 of the Complaint.

19. The allegations of Paragraph 19 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 19 of the Complaint.

20. Huawei Technologies admits that NSN's Patents-In-Suit were declared by a Nokia entity as allegedly essential to certain standards. Huawei Technologies denies that NSN was a major contributor to the development of LTE, and denies NSN's Patents-in-Suit describe any valid inventions by NSN. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint, and therefore denies them.

**THE [ALLEGED] STANDARDIZATION PROCESS**

21. Huawei Technologies admits the allegations of Paragraph 21 of the Complaint.

22. Huawei Technologies admits that ETSI member companies participated in the development of the LTE standard, that ETSI is a non-profit institution, and that Huawei Technologies and various foreign Nokia entities are listed as members of ETSI at http://www.etsi.org/membership/current-members. The remaining allegations of Paragraph 22 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 22 of the Complaint.

23. Huawei Technologies admits that ETSI adopted an Intellectual Property Rights ("IPR") policy "to reduce the risk to ETSI, MEMBERS, and others applying ETSI STANDARDS and TECHNICAL SPECIFICATIONS, that investment in the preparation, adoption and application of STANDARDS could be wasted as a result of an ESSENTIAL IPR for a STANDARD or TECHNICAL SPECIFICATION being unavailable. In achieving this objective, the ETSI IPR POLICY seeks a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs." The remaining allegations of Paragraph 23 of the Complaint are too generalized, vague, and laden

with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 23 of the Complaint.

24. Huawei Technologies admits that the ETSI IPR policy concerns the disclosure and licensing of patents declared as "essential" (as further defined in the ETSI IPR policy) to an ETSI standard, and that the block quote in Paragraph 24 of the Complaint appears to be from Section 6.1 of the ETSI IPR Policy. The remaining allegations of Paragraph 24 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 24 of the Complaint.

25. Huawei Technologies admits that NSN's Patents-In-Suit were declared by a Nokia entity as allegedly essential to certain standards. Huawei Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint, and therefore denies them.

26. Huawei Technologies admits that NSN – or its affiliates – has an obligation to negotiate in good faith to offer a FRAND license to the (allegedly) essential patents, but denies that NSN complied with that obligation at least because NSN has not made any offers that are fair, reasonable, and non-discriminatory.

27. Huawei Technologies admits that NSN and Huawei Technologies have engaged in licensing discussions, including regarding Huawei Technologies' extensive essential patent portfolio. Huawei Technologies denies that NSN made "FRAND offers" because NSN has not negotiated in good faith to offer Defendants a FRAND license to the (allegedly) essential patents in violation of NSN's representations and admitted obligations to ETSI. Huawei Technologies

further denies that NSN made any offers that are fair, reasonable and non-discriminatory and, therefore, there has never been an opportunity for Defendants to accept or reject a fair, reasonable, and non-discriminatory offer. As such, Huawei Technologies further denies that Huawei has been unwilling to accept an offer that was truly fair, reasonable, and non-discriminatory because NSN – or its affiliates – has never made such an offer.

28. Huawei Technologies denies that NSN has accurately characterized Huawei's negotiations with Nokia in Paragraph 28. For example, Huawei Technologies has consistently sought throughout the negotiations a comprehensive licensing agreement with all Nokia business units, including NSN, Nokia Technologies, and Alcatel-Lucent. As repeatedly explained to Nokia, entering into an isolated arbitration agreement with NSN regarding NSN's patent portfolio would not achieve Huawei's goal of complete peace between Huawei and Nokia. Moreover, Huawei Technologies avers that Nokia Technologies' conditions for entering into arbitration rendered the offer ineffective, impractical, and nugatory and denies that any arbitration would have avoided Huawei Technologies' suit against T-Mobile as it pertains to NSN's equipment. Huawei Technologies denies that it uses any valid, enforceable claim of any of NSN's allegedly essential patents. The remaining allegations of Paragraph 28 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 28 of the Complaint.

**[ALLEGED] OVERVIEW OF NSN'S PATENTS-IN-SUIT**

29. Huawei Technologies admits that the face of United States Patent No. 8,249,022 ("the '022 patent") lists an issue date of August 21, 2012 and notes that it lists a title of "Channel Allocation When Using Measurement Gaps with H-ARQ," but denies that the '022 patent was

duly and legally issued and/or contains an invention. Huawei Technologies admits that Exhibit A to the Complaint appears to be a copy of the ’022 patent. Huawei Technologies denies any remaining allegations and characterizations of Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 30 of the Complaint.

31. Huawei Technologies admits that the face of United States Patent No. 8,451,787 (“the ’787 patent”) lists an issue date of May 28, 2013 and a title of “Allocation of Preamble Sequences,” but denies that the ’787 patent was duly and legally issued and/or contains an invention. Huawei Technologies admits that Exhibit B to the Complaint appears to be a copy of the ’787 patent. Huawei Technologies denies any remaining allegations and characterizations of Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 32 of the Complaint.

33. Huawei Technologies lacks information or belief sufficient to admit or deny the allegation that Nokia Solutions and Networks Oy owns the entire right, title, and interest to the Patents-in-Suit and denies the allegation on that basis. Huawei Technologies denies that NSN US is “the exclusive licensee of the Patents-In-Suit.”

34. Huawei Technologies admits that declarations have been made to ETSI by a Nokia entity purporting that applications and/or published applications in the families of the

asserted patents are essential to certain LTE standards, but denies that NSN has offered to license its (alleged) essential patent portfolios on FRAND terms and conditions. Huawei Technologies denies any remaining allegations of Paragraph 34 of the Complaint.

35. Huawei Technologies admits that a declaration appears to have been submitted to ETSI by a Nokia entity on or about December 22, 2010 purporting that United States Patent Application Publication No. 2010/0284360 is (allegedly) essential to certain LTE standards.

36. Huawei Technologies admits that a declaration appears to have been submitted to ETSI by a Nokia entity on or about June 11, 2009 purporting that International Patent Application No. PCT/EP2008/056979 is (allegedly) essential to certain LTE standards.

## COMMON ALLEGATIONS

37. Huawei Technologies denies the allegations of Paragraph 37 of the Complaint, including denying that Huawei Technologies infringes any valid, enforceable claim under any of the asserted theories.

38. Huawei Technologies admits that Huawei Device USA lawfully offers certain products that comply with certain standards (or portions thereof) of LTE. Huawei Technologies admits that NSN attempted service of certain claim charts designated as Attorneys Eyes Only on Huawei Technologies' outside counsel, but denies that such service was proper or satisfied NSN's alleged notice as to Huawei Technologies. Huawei Technologies denies Huawei Device USA was ever properly served with any claim charts. To the extent a response is necessary, Huawei Technologies denies the remaining allegations of Paragraph 38 of the Complaint.

39. Huawei Technologies admits that Huawei Device USA lawfully offers certain products that comply with certain standards (or portions thereof) of LTE. The remaining allegations of Paragraph 39 of the Complaint are too generalized, vague, and laden with

subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 39 of the Complaint.

40. Huawei Technologies admits that Huawei Device USA lawfully provides manuals for certain products. The remaining allegations of Paragraph 40 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 40 of the Complaint.

41. Huawei Technologies admits that business partners lawfully sell certain Huawei Device USA devices, including in this District. The remaining allegations of Paragraph 41 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 41 of the Complaint.

42. Huawei Technologies admits that Huawei Device USA lawfully offers certain products that comply with certain standards (or portions thereof) of LTE. To the extent a response is necessary, Huawei Technologies denies the allegations and characterizations of Paragraph 42 of the Complaint.

43. Huawei Technologies admits that Huawei Device USA lawfully offers certain products that comply with certain standards (or portions thereof) of LTE. To the extent a response is necessary, Huawei Technologies denies the remaining allegations and characterizations of Paragraph 43 of the Complaint.

## COUNT ONE

**([Alleged] Infringement of U.S. Patent No. 8,249,022)**

44. Huawei Technologies incorporates by reference the responses to the preceding paragraphs.

45. Huawei Technologies denies that NSN ever served infringement contentions on Huawei Device USA. To the extent a response is necessary, Huawei Technologies denies the allegations of Paragraph 45 of the Complaint.

46. Huawei Technologies denies the allegations of Paragraph 46 of the Complaint.

47. Huawei Technologies admits that on or about April 21, 2016 NSN provided claim charts to Huawei Technologies for certain of NSN's patents, including the '022 patent, but denies that Huawei Technologies infringes any valid, enforceable claim under any asserted theory. Huawei Technologies denies the remaining allegations of Paragraph 47 of the Complaint.

48. Huawei Technologies denies the allegations of Paragraph 48 of the Complaint.

49. Huawei Technologies denies the allegations of Paragraph 49 of the Complaint.

50. Huawei Technologies denies the allegations of Paragraph 50 of the Complaint.

51. Huawei Technologies admits that on or about April 21, 2016 NSN provided claim charts to Huawei Technologies for certain of NSN's patents, including the '022 patent, but denies that Huawei Technologies infringes any valid, enforceable claim under any asserted theory. Huawei Technologies denies the remaining allegations of Paragraph 51 of the Complaint.

52. Huawei Technologies denies the allegations of Paragraph 52 of the Complaint.

53. Huawei Technologies denies that any of NSN's claims have merit and denies that NSN is entitled to any damages or other relief in this action. Huawei Technologies denies the remaining allegations of Paragraph 53 of the Complaint.

54. Huawei Technologies denies that any of NSN's claims have merit and denies that NSN is entitled to any attorneys' fees in this action. Huawei Technologies denies the remaining allegations of Paragraph 54 of the Complaint.

## COUNT TWO

### ([Alleged] Infringement of U.S. Patent No. 8,451,787)

55. Huawei Technologies incorporates by reference the responses to the preceding paragraphs.

56. Huawei Technologies denies that NSN ever served infringement contentions on Huawei Device USA. To the extent a response is necessary, Huawei Technologies denies the allegations of Paragraph 56 of the Complaint.

57. Huawei Technologies denies the allegations of Paragraph 57 of the Complaint.

58. Huawei Technologies admits that on or about April 21, 2016 NSN provided claim charts to Huawei Technologies for certain of NSN's patents, including the '787 patent, but denies that Huawei Technologies infringes any valid, enforceable claim under any asserted theory. Huawei Technologies denies the remaining allegations of Paragraph 58 of the Complaint.

59. Huawei Technologies denies the allegations of Paragraph 59 of the Complaint.

60. Huawei Technologies denies the allegations of Paragraph 60 of the Complaint.

61. Huawei Technologies denies the allegations of Paragraph 61 of the Complaint.

62. Huawei Technologies admits that on or about April 21, 2016 NSN provided claim charts to Huawei Technologies for certain of NSN's patents, including the '787 patent, but denies that Huawei Technologies infringes any valid, enforceable claim under any asserted theory. Huawei Technologies denies the remaining allegations of Paragraph 62 of the Complaint.

63. Huawei Technologies denies the allegations of Paragraph 63 of the Complaint.

64. Huawei Technologies denies that any of NSN's claims have merit and denies that NSN is entitled to any damages or other relief in this action. Huawei Technologies denies the remaining allegations of Paragraph 64 of the Complaint.

65. Huawei Technologies denies that any of NSN's claims have merit and denies that NSN is entitled to any attorneys' fees in this action. Huawei Technologies denies the remaining allegations of Paragraph 65 of the Complaint.

## DEMAND FOR A JURY TRIAL

66. In accordance with Fed. R. Civ. P. 38(b), Huawei Technologies demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

67. Huawei Technologies denies that NSN is entitled to any relief in this action, as requested or otherwise, and requests dismissal of the Complaint.

## AFFIRMATIVE DEFENSES

Huawei Technologies reserves the right to amend its Answer to add additional affirmative defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case. Subject to that limitation, Huawei Technologies asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on NSN.

**FIRST AFFIRMATIVE DEFENSE**

68. NSN's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

69. One or more claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

70. Huawei Technologies has not directly infringed (whether literally or under the doctrine of equivalents), has not induced or contributed to infringement of, does not directly infringe (whether literally or under the doctrine of equivalents), and does not induce or contribute to infringement of any valid, enforceable claim of NSN's Patents-in-Suit.

**FOURTH AFFIRMATIVE DEFENSE**

71. NSN's claims are barred in whole or in part by prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

72. NSN's claims for alleged damages or costs are limited by 35 U.S.C. §§ 286, 287, and 288 and by 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**

73. NSN is not entitled to injunctive relief at least because any alleged injury to NSN is not immediate or irreparable, and NSN has an adequate remedy at law for its allegations. For example, NSN admits it "sold substantially all of our Devices & Services business to Microsoft in a transaction that was completed on April 25, 2014." http://company.nokia.com/sites/default/files/download/investors/nokia_form_20-f_2015_uk.pdf.

Indeed, according to NSN, with the sale of the Device and Services business by Nokia,[2] "the relevance of our future intellectual property to the technology sector may lessen and our ability to influence industry trends and technology selections may reduce." *Id.*

**SEVENTH AFFIRMATIVE DEFENSE**

74. NSN's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, patent misuse, laches, waiver, estoppel, and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

75. On information and belief, NSN's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or a license to NSN's Patents-in-Suit. For example, Huawei Technologies has rights under the 2007 Patent License Agreement between Huawei and Nokia Corporation and Nokia Siemens Networks B.V. As another example, on information and belief, Huawei Technologies has rights arising from its use of Qualcomm Incorporated ("Qualcomm") components in certain products. Nokia and Qualcomm announced a 15-year patent license in July 2008, which – according to Nokia – "enable[ed] Qualcomm to integrate Nokia's technology into Qualcomm's chipsets." http://company.nokia.com/en/news/press-releases/2008/07/24/nokia-and-qualcomm-enter-into-a-new-agreement. This patent license further required "an up-front payment and on-going royalties payable to Qualcomm." *Id.*

**NINTH AFFIRMATIVE DEFENSE**

76. This Court lacks personal jurisdiction over Huawei Technologies in this action.

**EXCEPTIONAL CASE**

77. This case is exceptional against NSN under 35 U.S.C. § 285.

---

[2] "The Devices & Services business focused on developing and selling smartphones powered by the Windows Phone system, feature phones and affordable smartphones." *Id.*

## PRAYER FOR RELIEF

WHEREFORE, Huawei Technologies respectfully requests the following relief:

A. Judgment against NSN and in favor of Huawei Technologies;

B. Dismissal of the Complaint with prejudice;

C. Denial of all remedies and relief sought by NSN in its Complaint; and

D. Further relief as the Court may deem just and proper.

Dated: August 11, 2016

Respectfully submitted,

By: */s/ Thomas H. Reger II*

Ruffin B. Cordell
Texas Bar No. 04820550
cordell@fr.com
Linda L. Kordziel
DC Bar No. 446386
kordziel@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com

**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Brian G. Strand
Texas Bar No. 24081166
strand@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

**COUNSEL FOR DEFENDANT HUAWEI TECHNOLOGIES CO. LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via electronic mail on August 11, 2016 to all counsel of record for NSN who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Thomas H. Reger II*
Thomas H. Reger II