**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **NOKIA SOLUTIONS AND NETWORKS US LLC AND NOKIA SOLUTIONS AND NETWORKS OY,**<br><br>***Plaintiffs*****,**<br>**v.**<br><br>**HUAWEI TECHNOLOGIES CO. LTD. AND HUAWEI DEVICE USA, INC.,**<br><br>***Defendants*****.** | **No. 2:16-cv-00755-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**HUAWEI DEVICE USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO NSN'S COMPLAINT**

Defendant Huawei Device USA Inc. ("Huawei Device USA") files this Answer and Affirmative Defenses to Plaintiffs Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy's Complaint (Dkt. No. 3) (Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy collectively referred to as "NSN"). Except as expressly admitted below, Huawei Device USA denies each and every allegation set forth in the Complaint. And, to the extent that an allegation states a legal conclusion, Huawei Device USA asserts no response is required. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Huawei Device USA responds to the numbered paragraphs of the Complaint as follows:

## COMPLAINT[1]

1. Huawei Device USA denies the allegations of Paragraph 1 of the Complaint and denies that NSN is entitled to any requested relief. For example, Huawei Device USA denies that NSN's alleged inventions are valid or enforceable, and denies that Huawei Device USA infringes any valid, enforceable claim under any asserted theory.

## NATURE OF THE ACTION

2. Huawei Device USA admits that NSN's Complaint purports to set forth a claim for patent infringement, but denies that NSN's Complaint sets forth a legally cognizable claim. Huawei Device USA further denies NSN's alleged claim has merit and denies that Huawei Device USA has directly infringed (whether literally or under the doctrine of equivalents), has

---

[1] For ease of reference, Huawei Device USA repeats the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer; however, by doing so, Huawei Device USA makes no admissions regarding the substance of the heading or any other allegations of the Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Huawei Device USA specifically denies all such allegations.

induced or contributed to infringement of, directly infringes (whether literally or under the doctrine of equivalents), or induces or contributes to infringement of any valid, enforceable claim.

## THE PARTIES

3. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

5. Huawei Device USA admits the allegations of Paragraph 5 of the Complaint.

6. Huawei Device USA admits that it is a corporation organized under the laws of Texas, and notes that it has a principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

## JURISDICTION AND VENUE

7. Huawei Device USA admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. Huawei Device USA admits it has transacted business in this district. Huawei Device USA does not contest, for purposes of this action only, that venue is proper in this District, but denies that venue in this District is the most convenient. Huawei Device USA further denies that the accused products infringe any valid, enforceable claim under any asserted theory. To the extent a response is necessary, Huawei Device USA denies the remaining allegations and characterizations of Paragraph 8 of the Complaint.

9. Huawei Device USA does not contest that this Court has personal jurisdiction over it for this action, but Huawei Device USA denies that this District is the most appropriate or convenient forum. Huawei Device USA further denies that it infringes, directly or indirectly, any asserted claim under any asserted theory. Huawei Device USA admits that Huawei Device USA is organized under the laws of Texas and maintains its principal place of business in this jurisdiction. To the extent a response is necessary, Huawei Device USA denies the remaining allegations and characterizations of Paragraph 9 of the Complaint.

## [ALLEGED] FACTUAL BACKGROUND

10. The allegations of Paragraph 10 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 10 of the Complaint.

11. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies them.

12. Upon information and belief, Huawei Device USA denies that Nokia Siemens Network's Flexi Base Stations were in use in commercial LTE networks in 2008. The remaining allegations of Paragraph 12 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 12 of the Complaint.

13. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint, and therefore denies them.

14. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies them.

## [ALLEGED] TECHNOLOGICAL BACKGROUND

16. Huawei Device USA denies NSN's Patents-In-Suit are a reflection of the breadth of NSN's extensive dedication and investment in the technology and development of standardized communication protocols.

17. Huawei Device USA admits that standardized communication protocols, including those developed by Defendants, have been and continue to be important to the cellular industry. The remaining allegations of Paragraph 17 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 17 of the Complaint.

18. Huawei Device USA admits that Long Term Evolution ("LTE") and LTE-Advanced ("LTE-A") were developed by the Third Generation Partnership Project ("3GPP") and its members, including Huawei entities. The remaining allegations of Paragraph 18 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 18 of the Complaint.

19. The allegations of Paragraph 19 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 19 of the Complaint.

20. Huawei Device USA admits that NSN's Patents-In-Suit were declared by a Nokia entity as allegedly essential to certain standards. Huawei Device USA denies that NSN was a major contributor to the development of LTE, and denies NSN's Patents-in-Suit describe any valid inventions by NSN. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint, and therefore denies them.

**THE [ALLEGED] STANDARDIZATION PROCESS**

21. Huawei Device USA admits the allegations of Paragraph 21 of the Complaint.

22. Huawei Device USA admits that ETSI member companies participated in the development of the LTE standard, that ETSI is a non-profit institution, and that Huawei Technologies and various foreign Nokia entities are listed as members of ETSI at http://www.etsi.org/membership/current-members. The remaining allegations of Paragraph 22 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 22 of the Complaint.

23. Huawei Device USA admits that ETSI adopted an Intellectual Property Rights ("IPR") policy "to reduce the risk to ETSI, MEMBERS, and others applying ETSI STANDARDS and TECHNICAL SPECIFICATIONS, that investment in the preparation, adoption and application of STANDARDS could be wasted as a result of an ESSENTIAL IPR

for a STANDARD or TECHNICAL SPECIFICATION being unavailable. In achieving this objective, the ETSI IPR POLICY seeks a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs." The remaining allegations of Paragraph 23 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 23 of the Complaint.

24. Huawei Device USA admits that the ETSI IPR policy concerns the disclosure and licensing of patents declared as "essential" (as further defined in the ETSI IPR policy) to an ETSI standard, and that the block quote in Paragraph 24 of the Complaint appears to be from Section 6.1 of the ETSI IPR Policy. The remaining allegations of Paragraph 24 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 24 of the Complaint.

25. Huawei Device USA admits that NSN's Patents-In-Suit were declared by a Nokia entity as allegedly essential to certain standards. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint, and therefore denies them.

26. Huawei Device USA admits that NSN – or its affiliates – has an obligation to negotiate in good faith to offer a FRAND license to the (allegedly) essential patents. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint, and therefore denies them.

27. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore denies them.

28. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and therefore denies them.

**[ALLEGED] OVERVIEW OF NSN'S PATENTS-IN-SUIT**

29. Huawei Device USA admits that the face of United States Patent No. 8,249,022 ("the '022 patent") lists an issue date of August 21, 2012 and notes that it lists a title of "Channel Allocation When Using Measurement Gaps with H-ARQ," but denies that the '022 patent was duly and legally issued and/or contains an invention. Huawei Device USA admits that Exhibit A to the Complaint appears to be a copy of the '022 patent. Huawei Device USA denies any remaining allegations and characterizations of Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 30 of the Complaint.

31. Huawei Device USA admits that the face of United States Patent No. 8,451,787 ("the '787 patent") lists an issue date of May 28, 2013 and a title of "Allocation of Preamble Sequences," but denies that the '787 patent was duly and legally issued and/or contains an invention. Huawei Device USA admits that Exhibit B to the Complaint appears to be a copy of the '787 patent. Huawei Device USA denies any remaining allegations and characterizations of Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 32 of the Complaint.

33. Huawei Device USA lacks information or belief sufficient to admit or deny the allegation that Nokia Solutions and Networks Oy owns the entire right, title, and interest to the Patents-in-Suit and denies the allegation on that basis. Huawei Device USA denies that NSN US is "the exclusive licensee of the Patents-In-Suit."

34. Huawei Device USA admits that declarations have been made to ETSI by a Nokia entity purporting that applications and/or published applications in the families of the asserted patents are essential to certain LTE standards. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore denies them.

35. Huawei Device USA admits that a declaration appears to have been submitted to ETSI by a Nokia entity on or about December 22, 2010 purporting that United States Patent Application Publication No. 2010/0284360 is (allegedly) essential to certain LTE standards.

36. Huawei Device USA admits that a declaration appears to have been submitted to ETSI by a Nokia entity on or about June 11, 2009 purporting that International Patent Application No. PCT/EP2008/056979 is (allegedly) essential to certain LTE standards.

## COMMON ALLEGATIONS

37. Huawei Device USA denies the allegations of Paragraph 37 of the Complaint, including denying that Huawei Device USA infringes any valid, enforceable claim under any of the asserted theories.

38. Huawei Device USA admits that it offers certain products that comply with certain standards (or portions thereof) of LTE, but denies that such lawful activities induce infringement of NSN's Patents-in-Suit. Huawei Device USA denies it was ever properly served with any claim charts. Huawei Device USA denies the remaining allegations of Paragraph 38 of the Complaint, including denying that Huawei Device USA "is aware of NSN's Patents-In-Suit, at least as of the date NSN provided claim charts to Huawei detailing the infringement of NSN's Patents-In-Suit."

39. Huawei Device USA admits that it offers certain products that comply with certain standards (or portions thereof) of LTE, but denies that such lawful activities induce infringement of NSN's Patents-in-Suit. The remaining allegations of Paragraph 39 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 39 of the Complaint.

40. Huawei Device USA admits that it provides manuals for certain products, but denies that such lawful activities induce infringement of NSN's Patents-in-Suit. The remaining allegations of Paragraph 40 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 40 of the Complaint.

41. Huawei Device USA admits that business partners sell certain Huawei devices, including in this District, but denies that such lawful activities induce infringement of NSN's Patents-in-Suit. The remaining allegations of Paragraph 41 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is

necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 41 of the Complaint.

42. Huawei Device USA admits that it offers certain products that comply with certain standards (or portions thereof) of LTE, but denies that the accused products infringe, directly or indirectly, any valid, enforceable claim under any asserted theory. The remaining allegations of Paragraph 42 of the Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny. To the extent a response is necessary, Huawei Device USA denies the allegations and characterizations of Paragraph 42 of the Complaint.

43. Huawei Device USA admits that it offers certain products that comply with certain standards (or portions thereof) of LTE, but denies such activities are unlawful and denies that the products do not "have any substantial uses other than to practice the LTE standards and to operate on LTE networks." Huawei Device USA further denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies the remaining allegations of Paragraph 43 of the Complaint.

## COUNT ONE

**([Alleged] Infringement of U.S. Patent No. 8,249,022)**

44. Huawei Device USA incorporates by reference the responses to the preceding paragraphs.

45. Huawei Device USA denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies that NSN ever served infringement contentions on Huawei Device USA. Huawei Device USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the Complaint, and therefore denies them.

46. Huawei Device USA denies the allegations of Paragraph 46 of the Complaint.

47. Huawei Device USA denies it was ever properly served with any claim charts. Huawei Device USA further denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies the remaining allegations of Paragraph 47 of the Complaint.

48. Huawei Device USA denies the allegations of Paragraph 48 of the Complaint.

49. Huawei Device USA denies the allegations of Paragraph 49 of the Complaint.

50. Huawei Device USA denies the allegations of Paragraph 50 of the Complaint.

51. Huawei Device USA denies it was ever properly served with any claim charts. Huawei Device USA further denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies the remaining allegations of Paragraph 51 of the Complaint.

52. Huawei Device USA denies the allegations of Paragraph 52 of the Complaint.

53. Huawei Device USA denies that any of NSN's claims have merit and denies that NSN is entitled to any damages or other relief in this action. Huawei Device USA denies the remaining allegations of Paragraph 53 of the Complaint.

54. Huawei Device USA denies that any of NSN's claims have merit and denies that NSN is entitled to any attorneys' fees in this action. Huawei Device USA denies the remaining allegations of Paragraph 54 of the Complaint.

## COUNT TWO

### ([Alleged] Infringement of U.S. Patent No. 8,451,787)

55. Huawei Device USA incorporates by reference the responses to the preceding paragraphs.

56. Huawei Device USA denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies that NSN ever served infringement contentions on Huawei Device USA. Huawei Device USA denies the remaining allegations of Paragraph 56 of the Complaint.

57. Huawei Device USA denies the allegations of Paragraph 57 of the Complaint.

58. Huawei Device USA denies it was ever properly served with any claim charts. Huawei Device USA further denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies the remaining allegations of Paragraph 58 of the Complaint.

59. Huawei Device USA denies the allegations of Paragraph 59 of the Complaint.

60. Huawei Device USA denies the allegations of Paragraph 60 of the Complaint.

61. Huawei Device USA denies the allegations of Paragraph 61 of the Complaint.

62. Huawei Device USA denies it was ever properly served with any claim charts. Huawei Device USA further denies that the accused products infringe any valid, enforceable claim under any asserted theory. Huawei Device USA denies the remaining allegations of Paragraph 62 of the Complaint.

63. Huawei Device USA denies the allegations of Paragraph 63 of the Complaint.

64. Huawei Device USA denies that any of NSN's claims have merit and denies that NSN is entitled to any damages or other relief in this action. Huawei Device USA denies the remaining allegations of Paragraph 64 of the Complaint.

65. Huawei Device USA denies that any of NSN's claims have merit and denies that NSN is entitled to any attorneys' fees in this action. Huawei Device USA denies the remaining allegations of Paragraph 65 of the Complaint.

## DEMAND FOR A JURY TRIAL

66. In accordance with Fed. R. Civ. P. 38(b), Huawei Device USA demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

67. Huawei Device USA denies that NSN is entitled to any relief in this action, as requested or otherwise.

## AFFIRMATIVE DEFENSES

Huawei Device USA reserves the right to amend its Answer to add additional affirmative defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case. Subject to that limitation, Huawei Device USA asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on NSN.

## FIRST AFFIRMATIVE DEFENSE

68. NSN's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

69. One or more claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

70. Huawei Device USA has not directly infringed (whether literally or under the doctrine of equivalents), has not induced or contributed to infringement of, does not directly infringe (whether literally or under the doctrine of equivalents), and does not induce or contribute to infringement of any valid, enforceable claim of NSN's Patents-in-Suit.

**FOURTH AFFIRMATIVE DEFENSE**

71. NSN's claims are barred in whole or in part by prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

72. NSN's claims for alleged damages or costs are limited by 35 U.S.C. §§ 286, 287, and 288 and by 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**

73. NSN is not entitled to injunctive relief at least because any alleged injury to NSN is not immediate or irreparable, and NSN has an adequate remedy at law for its allegations. For example, NSN admits it "sold substantially all of our Devices & Services business to Microsoft in a transaction that was completed on April 25, 2014." http://company.nokia.com/sites/default/files/download/investors/nokia_form_20-f_2015_uk.pdf. Indeed, according to NSN, with the sale of the Device and Services business by Nokia,[2] "the relevance of our future intellectual property to the technology sector may lessen and our ability to influence industry trends and technology selections may reduce." *Id.*

**SEVENTH AFFIRMATIVE DEFENSE**

74. NSN's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, patent misuse, laches, waiver, estoppel, and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

75. On information and belief, NSN's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or a license to NSN's Patents-in-Suit. For example, Huawei Device USA has rights under the 2007 Patent License Agreement between Huawei and Nokia

[2] "The Devices & Services business focused on developing and selling smartphones powered by the Windows Phone system, feature phones and affordable smartphones." *Id.*

Corporation and Nokia Siemens Networks B.V. As another example, on information and belief, Huawei Device USA has rights arising from its use of Qualcomm Incorporated ("Qualcomm") components in certain products. Nokia and Qualcomm announced a 15-year patent license in July 2008, which – according to Nokia – "enable[ed] Qualcomm to integrate Nokia's technology into Qualcomm's chipsets." http://company.nokia.com/en/news/press-releases/2008/07/24/nokia-and-qualcomm-enter-into-a-new-agreement. This patent license further required "an up-front payment and on-going royalties payable to Qualcomm." *Id.*

## COUNTERCLAIMS

Huawei Device USA incorporates by reference its above responses as if fully set forth herein. In accordance with Rule 13 of the Federal Rules of Civil Procedure, Huawei Device USA asserts the following counterclaims against NSN.

## PARTIES

1. Huawei Device USA, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

2. Based on the assertions in Paragraph 3 of the Complaint, NSN US is a company organized and existing under the laws of the State of Delaware with substantial business operations at 6000 Connection Drive, Irving, Texas 75039-2600 and 601 Data Drive, Plano, Texas 75075.

3. Based on the assertions in Paragraph 4 of the Complaint, NSN Oy is a foreign corporation, having its headquarters at Karaportti 3, 0210 Espoo, Finland.

## JURISDICTION

4. This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. NSN has consented to personal jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in its Complaint.

7. To the extent that this action remains in this District, venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE ’022 PATENT**

8. Huawei Device USA incorporates by reference the preceding paragraphs.

9. None of the asserted claims of the ’022 patent are valid and enforceable because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

10. In Paragraph 52 of the Complaint, NSN has alleged that the ’022 patent “has been duly issued by the USPTO, and is presumed valid.”

11. An actual, continuing, and justiciable controversy exists between Huawei Device USA and NSN as to whether the asserted claims of the ’022 patent are invalid.

12. Huawei Device USA requests a judicial determination and declaration that the asserted claims of the ’022 patent are invalid.

**SECOND COUNTERCLAIM: DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE ’787 PATENT**

13. Huawei Device USA incorporates by reference the preceding paragraphs.

14. None of the asserted claims of the ’787 patent are valid and enforceable because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. In Paragraph 63 of the Complaint, NSN has alleged that the ’787 patent “has been duly issued by the USPTO, and is presumed valid.”

16. An actual, continuing, and justiciable controversy exists between Huawei Device USA and NSN as to whether the asserted claims of the ’787 patent are invalid.

17. Huawei Device USA requests a judicial determination and declaration that the asserted claims of the ’787 patent are invalid.

**THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’022 PATENT**

18. Huawei Device USA incorporates by reference the preceding paragraphs.

19. Huawei Device USA is not infringing and has not infringed, directly or indirectly, or contributed to infringement by others, or actively induced others to infringe, any valid and enforceable claim of the ’022 patent, either literally or under the doctrine of equivalents.

20. An actual, continuing, and justiciable controversy exists between Huawei Device USA and NSN as to the non-infringement of the ’022 patent by virtue of the allegations of NSN’s Complaint in this action.

21. Huawei Device USA requests a judicial determination and declaration that Huawei Device USA does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’022 patent.

**FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’787 PATENT**

22. Huawei Device USA incorporates by reference the preceding paragraphs.

23. Huawei Device USA is not infringing and has not infringed, directly or indirectly, or contributed to infringement by others, or actively induced others to infringe, any valid and enforceable claim of the ’787 patent, either literally or under the doctrine of equivalents.

24. An actual, continuing, and justiciable controversy exists between Huawei Device USA and NSN as to the non-infringement of the '787 patent by virtue of the allegations of NSN's Complaint in this action.

25. Huawei Device USA requests a judicial determination and declaration that Huawei Device USA does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '787 patent.

## EXCEPTIONAL CASE

26. This case is exceptional against NSN under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Huawei Device USA respectfully requests the following relief:

A. Judgment against NSN and in favor of Huawei Device USA;

B. Dismissal of the Complaint with prejudice;

C. Denial of all remedies and relief sought by NSN in its Complaint;

D. Judgment that each and every asserted patent claim is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

E. Judgment that Huawei Device USA has not infringed and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim asserted herein;

F. A declaration that NSN is not entitled to injunctive relief;

G. A permanent injunction preventing NSN, including its officers, agents, employees, and all persons acting in concert or participation with NSN, from charging that any claim of the Patents-in-Suit is infringed by Huawei Device USA or its customers;

H. A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Huawei Device USA of its costs and attorneys' fees incurred in this action; and

I. Further relief as the Court may deem just and proper.

Dated: August 11, 2016

Respectfully submitted,

By: */s/ Thomas H. Reger II*

Ruffin B. Cordell
Texas Bar No. 04820550
cordell@fr.com
Linda L. Kordziel
DC Bar No. 446386
kordziel@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Brian G. Strand
Texas Bar No. 24081166
strand@fr.com
**FISH & RICHARDSON P.C.**

1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

**COUNSEL FOR DEFENDANT HUAWEI DEVICE USA INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via electronic mail on August 11, 2016 to all counsel of record for NSN who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*<u>/s/ Thomas H. Reger II</u>*
Thomas H. Reger II