**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NOKIA SOLUTIONS AND NETWORKS US LLC and NOKIA SOLUTIONS AND NETWORKS OY,<br><br>Plaintiffs,<br>Counterclaim Defendants,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO. LTD. and HUAWEI DEVICE USA, INC.,<br><br>Defendants,<br>Counterclaim Plaintiffs. | No. 2:16-cv-00755-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**NOKIA SOLUTIONS AND NETWORKS US LLC AND NOKIA SOLUTIONS AND NETWORKS OY'S ANSWER AND AFFIRMATIVE DEFENSES TO HUAWEI DEVICE USA, INC.'S COUNTERCLAIMS**

Plaintiffs Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy (collectively, "NSN") file this Answer and Affirmative Defenses to Defendant and Counterclaimant Huawei Device USA, Inc.'s Counterclaims, filed August 11, 2016 (Dkt. No. 27). Except as expressly admitted below, NSN denies each and every allegation set forth in Huawei Device USA, Inc.'s Counterclaims. To the extent that an allegation states a legal conclusion, NSN asserts no response is required. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might

follow from the admitted facts. NSN responds to the allegations contained in the numbered paragraphs of Huawei Device USA, Inc.'s Counterclaims as follows:

## PARTIES

1. Upon information and belief, NSN admits the allegations in Paragraph 1 of the Counterclaims.

2. NSN admits the allegations in Paragraph 2 of the Counterclaims.

3. NSN admits the allegations in Paragraph 3 of the Counterclaims.

## JURISDICTION

4. NSN admits that this action purports to arise under the patent laws of the United States and the Federal Declaratory Judgement Act. NSN denies that this action has merit. Except as expressly admitted, NSN denies the remaining allegations in Paragraph 4 of the Counterclaims.

5. NSN admits the allegations in Paragraph 5 of the Counterclaims.

6. NSN admits that this Court has personal jurisdiction over NSN for this action.

7. NSN admits, for purposes of this action only, that venue is proper in this District.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '022 PATENT

8. NSN admits that Huawei Device USA, Inc. incorporates by reference its preceding paragraphs. NSN repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

9. NSN denies the allegations in Paragraph 9 of the Counterclaims.

10. NSN admits that in Paragraph 52 of the Complaint, it has alleged that the ’022 Patent “has been duly issued by the USPTO, and is presumed valid.”

11. NSN admits that Huawei Device USA, Inc. has denied the validity of the ’022 Patent and that Huawei Device USA, Inc.’s denials create an actual controversy between the parties. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 11 of the Counterclaims.

12. NSN admits that Huawei Device USA, Inc. requests a judicial determination and declaration that the asserted claims of the ’022 patent are invalid. However, NSN denies that Huawei Device USA, Inc. is entitled to any judicial determination or declaration that the asserted claims of the ’022 patent are invalid. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 12 of the Counterclaims.

**SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’787 PATENT**

13. NSN admits that Huawei Device USA, Inc. incorporates by reference its preceding paragraphs. NSN repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

14. NSN denies the allegations in Paragraph 14 of the Counterclaims.

15. NSN admits that in Paragraph 63 of the Complaint, it has alleged that the ’787 Patent “has been duly issued by the USPTO, and is presumed valid.”

16. NSN admits that Huawei Device USA, Inc. has denied the validity of the ’787 Patent and that Huawei Device USA, Inc.’s denials create an actual controversy between the parties. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 16 of the Counterclaims.

17. NSN admits that Huawei Device USA, Inc. requests a judicial determination and declaration that the asserted claims of the ’787 patent are invalid. However, NSN denies that Huawei Device USA, Inc. is entitled to any judicial determination or declaration that the asserted claims of the ’787 patent are invalid. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 17 of the Counterclaims.

**THIRD COUNTERCLAIM: DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF THE ’022 PATENT**

18. NSN admits that Huawei Device USA, Inc. incorporates by reference its preceding paragraphs. NSN repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

19. NSN denies the allegations in Paragraph 19 of the Counterclaims.

20. NSN admits that Huawei Device USA, Inc. has denied that its activities infringe the ’022 Patent and that Huawei Device USA, Inc.’s denials create an actual controversy between the parties. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 20 of the Counterclaims.

21. NSN admits that Huawei Device USA, Inc. requests a judicial determination and declaration that Huawei Device USA, Inc. does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’022 patent. However, NSN denies that Huawei Device USA, Inc. is entitled to any judicial determination or declaration that it does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’022 patent. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 21 of the Counterclaims.

## FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’787 PATENT

22. NSN admits that Huawei Device USA, Inc. incorporates by reference its preceding paragraphs. NSN repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

23. NSN denies the allegations in Paragraph 23 of the Counterclaims.

24. NSN admits that Huawei Device USA, Inc. has denied that its activities infringe the ’787 Patent and that Huawei Device USA, Inc.’s denials create an actual controversy between the parties. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 24 of the Counterclaims.

25. NSN admits that Huawei Device USA, Inc. requests a judicial determination and declaration that Huawei Device USA, Inc. does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’787 patent. However, NSN denies that Huawei Device USA, Inc. is entitled to any judicial determination or declaration that it does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’787 patent. Except as expressly admitted, NSN denies the remaining allegations of Paragraph 25 of the Counterclaims.

## ANSWER TO EXCEPTIONAL CASE

26. NSN denies the allegations in Paragraph 26 of the Counterclaims.

## ANSWER TO PRAYER FOR RELIEF

NSN denies that Huawei Device USA, Inc. is entitled to any relief sought by Huawei Device USA, Inc.’s Counterclaims in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

NSN reserves the right to amend its Answer to add additional affirmative defenses consistent with the facts discovered in the case. Subject to that limitation, NSN asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Huawei Device USA, Inc.

## FIRST AFFIRMATIVE DEFENSE

27. Huawei Device USA, Inc.'s Counterclaims fail to state facts sufficient to constitute a claim upon which relief can be granted.

## EXCEPTIONAL CASE

28. This case is exceptional against Huawei Device USA, Inc. under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, NSN prays for the following relief:

A. Judgment against Huawei Device USA, Inc. and in favor of NSN;

B. Dismissal of Huawei Device USA, Inc.'s Counterclaims with prejudice;

C. Denial of all remedies and relief sought by Huawei Device USA, Inc. in its Counterclaims;

D. Award NSN the relief sought in its Complaint;

E. Find that this case is an exceptional case under 35 U.S.C. § 285 and award NSN its costs and reasonable attorneys' fees incurred in this action; and

F. Such other and further relief as this Court may deem just and proper.

Dated: September 1, 2016

*/s/ Deron Dacus*
By: Deron Dacus
State Bar No: 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117
(903) 581-2543 – Facsimile
Email: ddacus@dacusfirm.com

Patrick Flinn (GA Bar No. 264540)
John Haynes (GA Bar No. 340599)
Michael C. Deane (GA Bar No. 498195)
Nick Tsui (GA Bar No. 982502)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.
Atlanta, GA 30309
Telephone: 404-881-7240
Email: Patrick.Flinn@alston.com
Email: John.Haynes@alston.com
Email: Michael.Deane@alston.com
Email: Nick.Tsui@alston.com

Michael J. Newton (TX Bar No. 24003844).
Derek Neilson (TX Bar No. 24072255)
**ALSTON & BIRD LLP**
2800 N. Harwood St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Mike.Newton@alston.com
Email: Derek.Neilson@alston.com

Thomas W. Davison (FL Bar No. 55687)
**ALSTON & BIRD LLP**
950 F. Street, NW
Washington, D.C. 20004
Telephone: (202) 239-3933
Facsimile: (202) 654-4913
Email: Tom.Davison@alston.com

M. Scott Stevens (NC Bar No. 37828)
Ross Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
Bank of America Plaza
101 South Tryon Street, Suite 4000

Charlotte, NC
28280-4000
Telephone: 704-444-1000
Facsimile: 704-444-1111
Email: Scott.Stevens@alston.com
Email: Ross.Barton@alston.com

Marsha E. Diedrich (CA Bar No. 93709)
**ALSTON & BIRD LLP**
333 South Hope Street
16th Floor
Los Angeles, CA 90071
Tel. (213)-576-1000
Fax (213)-576-1100
E-mail: Marsha.Diedrich@alston.com

*Attorneys for Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 1, 2016, to all counsel of record for HUAWEI DEVICE USA, INC. who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) and a copy has been sent by overnight delivery to HUAWEI DEVICE USA, INC., c/o its Registered Agent at CT Corporation System, 1999 Bryan St. Suite 900, Dallas, TX 75201-3136.

Dated: September 1, 2016

*/s/ Deron Dacus*

State Bar No: 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117
(903) 581-2543 – Facsimile
Email: ddacus@dacusfirm.com

*Attorney for Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy.*